IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-03067-PAB-MEH

PAMELA GREGOIRE,

    Plaintiff,

v.

AMCO INSURANCE COMPANY,

    Defendant.

---

# RECOMMENDATION ON MOTION TO AMEND

---

**Michael E. Hegarty, United States Magistrate Judge**.

Plaintiff seeks to amend her Complaint to correct factual inaccuracies and add a claim for bad faith breach of insurance contract. Pl.'s Mot. to Amend, ECF No. 30. Because Plaintiff has not demonstrated good cause to extend the deadline for amendment of pleadings under Federal Rule of Civil Procedure 16(b) or established that her proposed amendment would be proper under Rule 15(a), this Court respectfully recommends that Plaintiff's motion be denied.

## BACKGROUND

Plaintiff filed this case in state court on November 8, 2016. *See* Compl., ECF No. 5. Plaintiff alleges she suffered $890,000 in damages as a result of an automobile accident on November 28, 2011. *Id.* at ¶¶ 1, 17. After Plaintiff settled with the at-fault driver, she submitted a claim for underinsured motorist benefits to Defendant, her insurer. *Id.* at ¶¶ 20, 23, 24. Defendant responded by offering Plaintiff $5,500 of her $100,000 in underinsured motorist coverage. *Id.* at ¶¶ 16, 25. Accordingly, Plaintiff asserts causes of action for breach of insurance contract and unreasonable delay or denial of insurance benefits. *Id.* at ¶¶ 39–51. On December 14, 2016,

Defendant removed the case to this District. Notice of Removal, ECF No. 1.

The Court entered a Scheduling Order on February 8, 2017. ECF No. 19. The order set March 20, 2017 as the deadline for amendment of pleadings. *Id.* at 7. On April 24, 2017, Defendant filed a motion for summary judgment, which seeks dismissal of the case in its entirety. ECF No. 24. According to Defendant, the Court should dismiss the breach of contract claim, because Defendant has paid Plaintiff the full amount of her UIM benefit. *Id.* at 7–8. Additionally, Defendant contends Plaintiff's claim for unreasonable delay or denial is barred by the statute of limitations. *Id.* at 8–14. This motion is currently pending before the Honorable Phillip A. Brimmer.

On May 17, 2017, Plaintiff filed the present Motion to Amend Complaint. ECF No. 30. Plaintiff seeks to correct misstatements and include omitted information that the evidence undisputedly shows. *Id.* at 1–2. Additionally, Plaintiff attempts to add a claim for bad faith breach of insurance contract. *Id.* at 2. Defendant filed a response to Plaintiff's motion on June 7, 2017. Def.'s Resp., ECF No. 38. On June 14, 2017, Plaintiff submitted her reply. Pl.'s Reply, ECF No. 39.

## **ANALYSIS**

The present motion implicates Federal Rules of Civil Procedure 15 and 16. Because the motion was filed after the deadline for joinder of parties and amendment of pleadings, Plaintiff must demonstrate good cause for modifying the Scheduling Order pursuant to Rule 16(b)(4). Additionally, the motion must comply with the requirements of Rule 15(a) for amendment of pleadings. If the motion "fail[s] to satisfy either factor—(1) good cause or (2) Rule 15(a)—the district court [may] deny[] [the] motion for leave to amend." *Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014). After addressing whether it is appropriate to modify the Scheduling Order, the Court will discuss amendment of the Complaint pursuant to Rule

15.

## I. Modification of the Scheduling Order Pursuant to Rule 16(b)

This Court set March 20, 2017 as the deadline for amendment of pleadings. Scheduling Order 7. Neither party requested an extension of this deadline. Therefore, granting Plaintiff's motion would necessitate an amendment of the Scheduling Order under Rule 16(b), which requires that Plaintiff show good cause. Fed. R. Civ. P. 16(b)(4); *Gorsuch, Ltd.*, 771 F.3d at 1241 ("We now hold that parties seeking to amend their complaints after a scheduling order deadline must establish good cause for doing so.").

In order to show good cause under Rule 16(b)(4), Plaintiff "must provide an adequate explanation for any delay" in meeting the Scheduling Order's deadline. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). If Plaintiff "knew of the underlying conduct but simply failed to raise [the] claims," good cause does not exist. *Gorsuch*, 771 F.3d at 1240. "Rule 16 erects a more stringent standard [than Rule 15(a)], requiring some persuasive reason as to why the amendment could not have been effected within the time frame established by the court." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).

However, rigid adherence to the Scheduling Order is not advisable. *Sil-Flo, Inc. v. SHFC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990). A failure to seek amendment within the deadline may be excused due to oversight, inadvertence, or excusable neglect. *Id.* Additionally, "[t]he fact that a party first learns through discovery of information which may lead to amendment of deadlines set forth in the Scheduling Order constitutes good cause . . . ." *Riggs v. Johnson*, No. 09-cv-01226-WYD-KLM, 2010 WL 1957110, at *3 (D. Colo. Apr. 27, 2010), *adopted by* 2010 WL 1957099 (D. Colo. May 17, 2010).

The Court holds Plaintiff has not demonstrated good cause to modify the Scheduling Order.

Plaintiff states that she "miss[ed] the deadline set forth in the scheduling order," because "Plaintiff's attorney's firm had staff turnover which resulted in the sudden departure of the first two associates to work on the case." Pl.'s Reply 2. That Plaintiff's counsel had associates leave their firm does not establish that the deadline could not "be met despite the diligence of the party seeking the extension." *Colo. Visionary Academy*, 194 F.R.D. at 687 (quoting *Dilmar Oil Co. v. Federated Mutual Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997)). Indeed, Plaintiff's counsel's failure to meet the deadline, or request an extension of it, due to their associates' decision to seek other employment demonstrates that counsel personally failed to monitor the deadlines in this case. "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* (quoting *Dilmar Oil Co.*, 986 F. Supp. at 980) (holding that defense counsel's failure "to do the research necessary to recognize the applicability of the defense they seek to add" was not good cause under Rule 16). To the extent Plaintiff's counsel argue that their associates' departure increased their workload and caused them to miss the deadline, Judge Brimmer's practice standards specifically provide that "the press of business" does not constitute good cause. Civ. Practice Standard I.G.1.

Moreover, Plaintiff does not contend she learned any of the information which forms the basis for her bad faith claim after filing her initial Complaint. All of the newly added allegations relevant to the bad faith claim involve Defendant's communications with Plaintiff before Plaintiff filed this case. *See* Proposed Am. Compl. ¶¶ 30–45. Because Plaintiff "knew of the underlying conduct but simply failed to raise [the] claims," good cause does not exist. *Gorsuch*, 771 F.3d at 1240.[1]

---

[1] Regarding Plaintiff's newly added allegation that Defendant paid the remainder of the policy limit after Plaintiff filed this case, Proposed Am. Compl. ¶¶ 51–52, the Court finds it unnecessary to amend the Complaint only to allege these facts. The allegations do not form the basis of Plaintiff's causes of action, and Plaintiff will be able to include these facts in the final pretrial order, which will supersede the Complaint. *Hullman v. Bd. of Trs. of Pratt Cmty. Coll.*, 950

4

## II. Amendment of the Complaint Pursuant to Rule 15(a)

Even if Plaintiff could establish good cause to modify the scheduling order, Plaintiff has not demonstrated that amendment of the Complaint is proper under Federal Rule of Civil Procedure 15(a). Rule 15 provides that, following a 21-day period for service of the complaint, a responsive pleading, or a Rule 12 motion, a party may amend its complaint only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). Although Rule 15 instructs courts to freely give leave when justice so requires, denying leave to amend is proper if the proposed amendments are unduly delayed, unduly prejudicial, futile, or sought in bad faith. *Id.*; *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

In the Tenth Circuit, untimeliness alone is a sufficient basis for denying a party leave to amend. *Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005); *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001). The important inquiry is not simply whether the moving party has delayed, but whether such delay is undue. *Minter*, 451 F.3d at 1206. Delay is undue "when the party filing the motion has no adequate explanation for the delay," *Frank*, 3 F.3d at 1365–66, or when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (quoting *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984)).

Here, Plaintiff does not provide an adequate explanation for her delay. Plaintiff states only that "[t]he delay in filing an amendment to the Complaint was due to staff turnover within Plaintiff's counsel's office. Counsel who were responsible for filing the original Complaint have left the firm"

---

F.2d 665, 667 (10th Cir. 1991) ("The pretrial order supersedes the pleadings and controls the subsequent course of litigation.").

Pl.'s Mot. to Amend 3. That Plaintiff's counsel's associates, who did not enter appearances in this case, failed to include a bad faith claim does not constitute an adequate reason for not pleading the claim in the original Complaint. This is especially true, because Plaintiff knew all of the facts underlying the new claim before filing this case. Accordingly, Plaintiff's proposed amended complaint is improper under Rule 15(a). *See Las Vegas Ice & Cold Storage Co.*, 893 F.2d at 1185 (stating that an amendment is untimely when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint").

## **CONCLUSION**

In sum, the Court holds Plaintiff has failed to show that an amendment of the Scheduling Order is proper under Rule 16. Staff turnover at Plaintiff's counsel's law firm does not constitute good cause for missing the amendment of pleadings deadline by almost two months. Additionally, because Plaintiff knew all of the information giving rise to her proposed bad faith claim, the Court holds that amendment of the Complaint is also improper under Rule 15(a). Accordingly, the Court recommends that Plaintiff's Motion to Amend Complaint [filed May 17, 2017; ECF No. 30] be **denied.**[2]

---

[2] Be advised that all parties shall have fourteen days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676–83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kan. Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

Entered and dated at Denver, Colorado, this 20th day of June, 2017.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty  
United States Magistrate Judge
