IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-03067-PAB-MEH

PAMELA GREGOIRE,

    Plaintiff,

v.

AMCO INSURANCE COMPANY,

    Defendant.

---

# ORDER

---

This matter is before the Court on Defendant AMCO's Motion for Summary Judgment [Docket No. 24] filed by defendant AMCO Insurance Company. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## I. BACKGROUND[1]

This case concerns an insurance claim related to a traffic accident. On November 28, 2011, plaintiff Pamela Gregoire was involved in a motor vehicle accident. Defendant's Statement of Undisputed Material Facts ("DSUMF") 2; Docket No. 24 at 2, ¶ 2. At the time of the accident, plaintiff was insured by defendant under an automobile insurance policy that included underinsured motorist ("UIM") coverage with a policy limit of $100,000.00 per accident. DSUMF 3-4. In November 2014, plaintiff settled her claims with the other party involved in the accident for $100,000.00, with defendant's consent. DSUMF 5. On December 1, 2014, plaintiff submitted a package of materials

---

[1] The following facts are undisputed unless otherwise noted.

to defendant related to her UIM claim that included medical records after the accident. DSUMF 6, 8.

On December 30, 2014, defendant offered plaintiff $5,500.00 to settle her UIM claim. DSUMF 10. After some negotiation, on June 8, 2015, defendant offered plaintiff $15,000.00 to settle her UIM claim. DSUMF 13. On July 2, 2015, plaintiff requested that defendant pay the undisputed amount and, shortly thereafter, defendant issued a $15,000.00 check to plaintiff. DSUMF 14, 15. After receiving additional medical records from plaintiff and further negotiation, on December 16, 2016, defendant issued a check to plaintiff for an additional $85,000.00. DSUMF 23. This brought the total amount that defendant paid on plaintiff's UIM claim to the policy limit of $100,000.00. DSUMF 24.

On November 8, 2016, plaintiff filed her complaint in the District Court for Jefferson County, Colorado. Docket No. 5. Plaintiff's complaint includes two claims for relief: (1) breach of contract under the insurance policy, *id*. at 4-5; and (2) unreasonable delay and denial of payment of covered benefits pursuant to Colo. Rev. Stat. § 10-3-1115 ("statutory bad faith claim"). *Id*. at 5. On December 14, 2016, defendant removed the lawsuit to this Court. Docket No. 1.

On April 24, 2017, defendant filed its motion for summary judgment. Docket No. 24. Defendant argues that plaintiff's breach of contract claim must be dismissed because it has paid the full value of the UIM coverage. *Id*. at 8-9. With respect to plaintiff's statutory bad faith claim, defendant argues that it is barred by a one year statute of limitations. *Id*. at 11.

## II. STANDARD OF REVIEW

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & Cty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

However, when "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)) (internal quotation marks omitted). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works of Colo., Inc. v. City & Cty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986)). The nonmoving party may not rest solely on the allegations in the pleadings, but instead

must designate "specific facts showing that there is a genuine issue for trial." *Celotex,* 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e). "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Bausman,* 252 F.3d at 1115 (citing *Hulsey v. Kmart, Inc.,* 43 F.3d 555, 557 (10th Cir.1994)). "In applying this standard, we view all facts and any reasonable inferences that might be drawn from them in the light most favorable to the nonmoving party." *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994).

## III. ANALYSIS

### A. Breach of Contract Claim

Defendant argues that, because it has paid the policy limits under plaintiff's UIM coverage, plaintiff is not entitled to further damages and, as a result, plaintiff's claim for breach of contract must be dismissed. Docket No. 24 at 8 (citing *Old Republic Ins. Co. v. Ross*, 180 P.3d 427, 437 (Colo. 2008)).[2] Plaintiff responds that she is seeking non-economic damages for defendant's breach of contract and argues that "damages for an insured's emotional distress are available in actions for bad faith breach of insurance contract." Docket No. 34 at 7 (citing *Goodson v. Am. Stand. Ins. Co. of Wisconsin*, 89 P.3d 409, 417 (Colo. 2004)).

---

[2] Defendant's citation of *Ross* is inapposite because *Ross* did not involve a breach of contract claim; the insurance company was indemnifying the insured. *Ross*, 180 P.3d at 437. Here, by contrast, plaintiff brings a breach of contract claim as the first-party insured. Docket No. 5 at 4-5. In such circumstances, *Ross* holds that the insurer's liability is not capped at the policy limit. *Ross*, 180 P.3d at 437 ("The terms of the uninsured motorist policy could not limit the insurer's liability for its own wrongdoing." (citations omitted))).

4

Under Colorado law, the general rule is that "mental anguish which results solely from pecuniary loss following a breach of contract is not recoverable." *Smith v. Hoyer*, 697 P.2d 761, 764 (Colo. App. 1984). There is an exception to this rule that allows recovery for anguish in the case of an "intentional breach, involving willful, wanton, or insulting conduct, and without any legal justification or excuse." *Id*. (citing *McCreery v. Miller's Groceteria Co.*, 64 P.2d 803 (Colo. 1936)); *see also Williams v. Cont'l Airlines, Inc.*, 943 P.2d 10, 16 (Colo. App. 1996) (holding that "damages for mental or emotional suffering" are not available in breach of contract actions without "willful or wanton" conduct). Although plaintiff is correct that damages for emotional distress are available under a common law claim for bad faith breach of an insurance contract, plaintiff brings no such claim. *See* Docket Nos. 5, 40, 42. Plaintiff does not argue, and provides no evidence, that defendant engaged in willful and wanton conduct in denying plaintiff's insurance claims. *See* Docket No. 34. Accordingly, plaintiff has not shown that there is a genuine issue of material fact as to whether plaintiff suffered damages as a result of willful or wanton conduct that would allow her to recover damages for emotional distress on her breach of contract claim. Therefore, the Court will dismiss plaintiff's first claim.

### B.  Statutory Bad Faith Claim

Defendant argues that the remedies provided for plaintiff's statutory bad faith claim are penal in nature and, therefore, that claim is subject to a one-year statute of

limitations pursuant to Colo. Rev. Stat. 13-80-103(1).[3]  Docket No. 24 at 9.  Defendant argues that statutory bad faith is subject to a two-year statute of limitations as a remedial statute.  Docket No. 34 at 9.  Defendant also argues, regardless of which statute of limitations applies, her claim is not barred because the statute of limitations did not begin to run until December 15, 2016, when defendant's unreasonable delay in paying her UIM benefits ended.  Docket No. 34 at 10-11.

The Court first addresses when plaintiff's claim accrued.  Under Colorado law, a "cause of action accrues on the date when 'the injury, loss, damage, or conduct giving rise to the cause of action is discovered or should have been discovered by the exercise of reasonable diligence.'"  *Murry v. GuideOne Specialty Mut. Ins. Co.*, 194 P.3d 489, 491 (Colo. App. 2008) (quoting Colo. Rev. Stat. § 13-80-108(8)).  "A bad faith cause of action accrues when both the nature of the injury and its causes are known or should be known through the exercise of reasonable diligence."  *Cork v.*

---

[3] The Colorado Supreme Court has adopted a three-part test to determine whether a statute is penal and claims under it are assignable. *Kruse v. McKenna*, 178 P.3d 1198, 1201 (Colo. 2008).  Courts look to "whether (1) the statute asserted a new and distinct cause of action; (2) the claim would allow recovery without proof of actual damages; and (3) the claim would allow an award in excess of actual damages." *Id.* This Court has previously addressed the issue of whether a statutory bad faith claim is a penalty for purposes of determining the statute of limitations.  *Gerald H. Phipps, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 14-cv-01642-PAB-KLM, 2015 WL 5047640, at *3 (D. Colo. Aug. 27, 2015).  The Court held that "Section 10-3-1116(1) satisfies all three elements of the *Kruse* test and is thus properly characterized as a statutory penalty." *Id*. (citing *Hernandez v. Am. Standard Ins. Co. of Wisc.*, No. 11-cv-03076-RBJ, 2013 WL 6633392, at *3-*4 (D. Colo. Dec. 16, 2013) (applying the *Kruse* test and holding that claims under Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116 are penalties and therefore unassignable)).  Other judges in this district concur that the remedy available under § 10-3-1116 is a penalty.  *Hernandez*, 2013 WL 6633392, at *4 (collecting cases).

*Sentry Ins.*, 194 P.3d 422, 427 (Colo. App. 2008) (citing Colo. Rev. Stat. § 13-80-108(1)). "Each bad faith act constitutes a separate and distinct tortious act, on which the statute of limitation begins to run anew when the plaintiff becomes aware of the injury and its cause." *Id*. (citing *Harmon v. Fred S. James & Co.*, 899 P.2d 258, 262 (Colo. App.1994)). For the purposes of plaintiff's statutory bad faith claim, the injury was defendant's refusal to pay when plaintiff demanded payment and the cause of that injury was defendant's denial of coverage decision made in bad faith. *See id*. Thus, plaintiff's claim accrued when plaintiff became aware of both of these facts because, at that point, "the elements of the tort [were] satisfied . . ., and the continuing condition of nonpayment cannot be a predicate to a bad faith cause of action." *Id*. at 428 (quoting *Farmers Group, Inc. v. Trimble*, 691 P.2d 1138, 1142 (Colo. 1984)). The undisputed facts show that, approximately seven months after plaintiff demanded payment, defendant made a partial payment of plaintiff's claim on July 20, 2015 and refused to tender additional funds at that time. DSUMF 6, 8, 14, 15. Plaintiff claims that defendant did not explain the basis for its initial offer, its decision to raise that offer when partial payment was made, or its later decision to pay the policy limit amount. Docket No. 34 at 6, ¶¶ 3, 4. Thus, when plaintiff received partial payment, she knew that defendant had processed her claim and refused payment. She does not provide any evidence that she later learned information relevant to whether defendant was unreasonably delaying or denying her claim. On this record, plaintiff knew or should have known that defendant was unreasonably delaying or denying her UIM claim no later than July 20, 2015, when defendant paid the undisputed amount but refused

7

further payment, and her claim accrued on that date. *See Ermentraut v. State Farm Fire & Cas. Co.*, No. 14-cv-00061-RM-KLM, 2016 WL 9735723, at *4 (D. Colo. Sept. 26, 2016) (holding that the plaintiff's claim accrued when the plaintiff thought the insurer was delaying and had performed an inaccurate appraisal and the insurer refused to provide a new roof); *Gargano v. Owners Ins. Co.*, 623 F. App'x 921, 930 (10th Cir. 2015) (unpublished) (finding the district court did not abuse its discretion in concluding that the plaintiff's statutory bad faith claim accrued when, after ten months, plaintiff should have known that the insurance company was unreasonably delaying the processing of her claim).[4] Defendant's continued refusal to pay after that point did not create a new cause of action. *Ermentraut*, 2016 WL 9735723, at *4 (citing *Cork*, 194 P.3d at 427). Therefore, plaintiff's statutory bad faith claim is timely if it is subject to a two-year statute of limitations, but it is time-barred if it is subject to a one-year statute of limitations. *See* Docket No. 5 (filed Nov. 8, 2016).

The Court declines to resolve the issue of whether a one- or two-year statute of limitations applies to plaintiff's statutory bad faith claim. As the Court discussed in *Front Range Christian Ministries v. Travelers Indem. Co. of Am.*, No. 16-cv-01923-PAB-CBS, 2017 WL 1148690, at *3 (D. Colo. Mar. 27, 2017), the "Colorado Supreme Court has not decided the issue of whether the remedies under § 10-3-1116 are penal," but it has accepted a certified question of "whether actions under §§ 10-3-1115 and 10-3-1116

---

[4] "The point of accrual is usually a question of fact, but if the undisputed facts clearly show when a plaintiff discovered or should have discovered the damage or conduct, the issue may be decided as a matter of law." *Murry*, 194 P.3d at 491. Plaintiff does not offer any evidence to support a later date of accrual. *See* Docket No. 37; Fed. R. Civ. P. 56(c).

are penal such that the one-year statute of limitations applies." *See Rooftop Restorations, Inc. v. Am. Family Mut. Ins. Co.*, No. 15-cv-02560-WJM-STV, 2017 WL 514060, at *3 (D. Colo. Feb. 8, 2017)). The Colorado Supreme Court has since granted certiorari review in two cases raising similar issues. *See Rooftop Restorations, Inc.*, No. 15-cv-02560-WJM-STV, Docket No. 42 (order of the Colorado Supreme Court holding the certified question case, 2017SA31, in abeyance pending resolution of *American Family v. Barriga*, No. 15SC934 (Colo.), and *Guarantee Trust Life v. Estate of Casper*, Case No. 17SC2 (Colo.)). Because the resolution of these cases should answer the question of law raised by the present motion, the Court will, with respect to plaintiff's statutory bad faith claim, deny defendant's motion without prejudice and with leave to refile after the Colorado Supreme Court addresses whether the remedies under § 10-3-1116 are penal. The parties have set this case for trial in April 2019 and therefore this will not affect the trial date. *See* Docket No. 72.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant AMCO's Motion for Summary Judgment [Docket No. 24] is **GRANTED** in part and **DENIED** without prejudice and with leave to refile in part. It is further

**ORDERED** that plaintiff's first claim is dismissed with prejudice.

DATED March 23, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge